IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUANA LEWIS in her own right and as parent and natural guardian of a minor, J.L., and J.L. in his own right | : : : : | CIVIL ACTION |
| v. | : : | |
| THE CITY OF PHILADELPHIA; THE SCHOOL DISTRICT OF PHILADELPHIA; BENJAMIN B. COMEGYS SCHOOL; WILLIAM R. HITE; LISA WILMER; STEPHEN DOTTER; and JOHN DOES # 1-5 | : : : : : | No. 14-1707 |

## MEMORANDUM

**NORMA L. SHAPIRO, J.**                                                                   **JULY 20, 2015**

A seven-year old boy, J.L., was sexually harassed in a bathroom stall at the Benjamin B. Comegys School by three male students in the seventh grade. Alleging a substantive due process violation under 42 U.S.C. § 1983, a violation of Title IX, a breach of fiduciary duty, and negligence, J.L. and his mother filed this action against the School District of Philadelphia, the Benjamin B. Comegys School, and various school officials. Plaintiff Luana Lewis brings this action in her own right and on behalf of her minor son.

On September 19, 2014, the City of Philadelphia, the Benjamin B. Comegys School, and John Does # 1-5 were dismissed from this action. The remaining defendants—the School District of Philadelphia, School District Superintendent William Hite, Principal of the Benjamin B. Comegys School Lisa Wilmer, and school teacher Stephen Dotter (collectively, the "School District")—have moved for summary judgment.

Plaintiffs' claims are not actionable and defendants' summary judgment motion will be granted.

I.   **FACTUAL BACKGROUND**

On September 23, 2013, plaintiff J.L., a seven-year old boy attending the Benjamin B. Comegys School at 5100 Greenway Avenue in Philadelphia., left school teacher Stephen Dotter's classroom to use the boys' restroom on the second floor.  J.L., in urgent need of a stall, entered a stall without a door.  Compl. ¶ 15.  J.L. was confronted by three boys in the seventh grade, despite school policies designed to segregate older and younger students.  Compl. ¶ 16; Ex. G, p. 32.  The three seventh graders harassed J.L. and demanded that he expose himself.  Compl. ¶ 17.  One of the boys filmed the incident on his cell phone, despite school policies prohibiting cell phone use during school hours.  Compl. ¶ 18, Ex. H.  After an investigation, the seventh graders were suspended.  Ex. K, L.

II.   **DISCUSSION**

Summary judgment must be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court is required to view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

Count I:  Due process claim under Section 1983

A state actor such as the School District may not be held liable for harm inflicted by third parties, unless one of two exceptions applies: (1) there was a "special" custodial relationship between the state actor and the injured party; or (2) the state actor created the danger that resulted in the injury. *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189 (1989).  Plaintiffs

concede that J.L. and the School District did not have a "special relationship," but contend the state-created danger exception to the *DeShaney* rule applies. Pl. Br. at 4.

There is a state-created danger only if (1) the harm caused was a foreseeable and fairly direct result of the state's actions; (2) the state actor acted in willful disregard of the injured party's safety; (3) there was some relationship between the state and the plaintiff; and (4) the state actor, by an affirmative act, created an opportunity for harm that otherwise would not have existed. *Kneipp v. Tedder*, 95 F.3d 1199, 1208 (3d Cir. 1996).

The School District could not have foreseen that an open bathroom stall would have been used by students to engage in acts of sexual harassment. The causal connection between the open bathroom stall and the resulting injury was too attenuated to support liability. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 908 (3d Cir. 1997).

Nor was there "willful disregard for or deliberate indifference to [a] plaintiff's safety." *Morse*, 132 F.3d at 910. "[T]he notion of deliberate indifference contemplates <u>a danger that must at least be foreseeable</u>." *Id.* (emphasis added). Because the School District could not have foreseen the harm inflicted on J.L., it could not have exhibited a willful disregard for J.L.'s safety.[1]

"The fourth element of a state-created danger claim . . . is predicated upon the states' *affirmative acts* which work to the plaintiffs' detriment[ ] in terms of exposure to danger. It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause." *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 282 (3d Cir. 2006) (emphasis in original).

---

[1] Even if the School District were deemed negligent for failing to repair the bathroom stall or failing to enforce its cellphone policy, its negligence would not support liability under the state-created danger exception. "[M]erely negligent acts cannot support a claim under the state-created danger theory of § 1983." *Morse*, 132 F.3d at 911.

In *Morse v. Lower Merion School District*, a school district left open a back entrance to a school to allow construction workers to enter and exit as needed.  *Morse*, 132 F.3d 902, 904 (3d Cir. 1997).  A third party used that entrance to enter the school and shoot and kill a school teacher.  The Court of Appeals held that the school district did not affirmatively place the school teacher in a dangerous position and that the fourth element of the state-created danger exception was not satisfied.  *Morse*, 132 F.3d at 915-16.

Since *Morse*, the Court of Appeals has repeatedly rejected attempts to reframe omissions as affirmative acts.  *See, e.g.*, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (failure to inform the police timely was an omission, not an affirmative act); *Ye v. United States*, 484 F.3d 634, 639 (3d Cir. 2007) ("[A]ssurances of well-being are not 'affirmative' acts within the meaning of the fourth element of a state-created danger claim."); *Sanford v. Stiles*, 456 F.3d 298, 312 (3d Cir. 2006) (guidance counselor's failure to intervene to save a suicidal student was an omission, not an affirmative act).

Plaintiffs' due process claim is predicated on the School District's failure to act, namely, its failure to repair the open stall and its failure to enforce its cellphone policy.  Those failures to act cannot plausibly be deemed affirmative acts.  Plaintiffs fail to satisfy this fourth element of the state-created danger exception.  Their substantive due process claim is not actionable.

<u>Count II:  Title IX claim</u>

Plaintiffs "do not contest defendants' arguments regarding Title IX (Count II)."  Pl. Br. at 14.  Plaintiffs' Title IX claim has been abandoned and is not actionable.

Counts III and IV:  Breach of fiduciary duty and negligence

As for plaintiffs' state law tort claims, defendants contend that the breach of fiduciary duty claim (Count III) and negligence claim (Count IV) are both barred by Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 *et seq*.  Plaintiffs "do not contest Defendants' arguments regarding . . . the Political Subdivision Tort Claims Act" with respect to the negligence claim.  Pl. Br. at 14.  Plaintiffs have not abandoned their breach of fiduciary duty claim.  *Id.*

Under the Political Subdivision Tort Claims Act ("PSTCA"), a political subdivision, such as the School District of Philadelphia, is immune from state law tort claims.  42 Pa. C.S.A. § 8541.  A fiduciary duty claim is a tort claim subject to the PSTCA.  "Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements."  *eToll, Inc. v. Elias/Savion Adver.*, 811 A.2d 10, 14 (Pa. Sup. Ct. 2002).  Plaintiffs and the School District were not bound by a contractual relationship and any duties owed were governed by tort law.

Plaintiffs' breach of fiduciary duty claim and negligence claim are barred by the Political Subdivision Tort Claims Act.

## III. CONCLUSION

Plaintiffs' substantive due process claim, Title IX claim, breach of fiduciary duty claim, and negligence claim are not actionable.  Defendants' motion for summary judgment will be granted.  An appropriate Order follows.